CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 18 2014

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT L. SPERRY, JR., | ) |
| | ) Civil Action No. 7:14CV00011 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Robert L. Sperry, Jr., was born on March 2, 1975, and eventually completed the tenth grade in school. Mr. Sperry has been employed as a construction worker. He last worked on a regular and sustained basis in 2008. On February 4, 2010, Mr. Sperry filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff

alleged that he became disabled for all forms of substantial gainful employment on November 20, 2008, due to blindness in his left eye and knee problems. At the time of the administrative hearing, plaintiff amended his application so as reflect an alleged disability onset date of May 22, 2010. (TR 69). Mr. Sperry now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Mr. Sperry's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 7, 2012, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Sperry suffers from several severe impairments, including bilateral knee disorder; obesity; and optic neuropathy resulting in lack of useful vision in the left eye. (TR 16). Because of these problems, the Law Judge ruled that plaintiff is disabled for his past relevant work activity as a construction laborer. However, the Law Judge held that Mr. Sperry retains sufficient functional capacity to engage in a limited range of sedentary work activity. The Law Judge characterized plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can perform sedentary-level lifting, carrying, standing, and walking, but requires an opportunity to have in-place position shifts and the ability to rise to standing from a seated position to stand for a few minutes throughout the day while at his work station. He is restricted from kneeling, climbing, and crawling; should avoid uneven terrain; can occasionally stoop or crouch; has no useful left eye vision, but with the use of his right eye can avoid ordinary hazards in the workplace (e.g. doors ajar, boxes on floor, approaching people or vehicles); he can read ordinary-

2

> size print - sometimes requiring the use of corrective lenses to accomplish this;
> he should avoid work in direct sunlight and also avoid more dangerous hazards
> in the workplace, such as unprotected heights or dangerous machinery.

(TR 17). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined Mr. Sperry remains capable of performing several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Sperry has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Sperry experiences severe knee problems, with a small peripheral tear of the posterior horn of the right medial

3

meniscus. He has no useful vision in his left eye. All of the doctors who have provided medical reports in this case indicate that plaintiff is capable of performing less than a full range of sedentary work. Dr. Ericka Young completed a consultative examination and report at the behest of the state disability agency. Dr. Young opined that plaintiff can sit for approximately four hours in a regular work day, as well as stand or walk for approximately four hours. (TR 332). Dr. Robert B. Stephenson, a board certified orthopaedic surgeon, offered similar findings after examining Mr. Sperry. (TR 442-43). Given such a residual functional capacity, the vocational expert testified that he was unable to identify any job for Mr. Sperry listed in the Dictionary of Occupational Titles, because of the unusual split between sitting, standing, and/or walking. (TR 66). However, the Administrative Law Judge relied on reports from two nonexamining state agency physicians, Dr. Joseph Duckwall and Dr. Gurcharan Singh, who opined that plaintiff is capable of sitting up to six hours in an eight-hour work day, as long as he is permitted to stand and move as necessary to relieve tightness in his knees. (TR 91, 347). When presented with the more commonplace hypothetical encompassing a "sit/stand option," the vocational expert identified several sedentary jobs which Mr. Sperry could be expected to perform. (TR 61-63).

The court believes that the Administrative Law Judge reasonably determined to fashion his findings as to plaintiff's residual functional capacity based on the input from the state agency physicians. While the court often experiences difficulty in finding substantial evidence to support a Law Judge's rejection of a consultative study in favor of reports from nonexamining state agency physicians, the court does not believe that the consultative reports in the instant case conclusively establish that plaintiff is unable to perform sedentary work with a sit/stand option. Neither Dr. Young nor Dr. Stephenson explained why Mr. Sperry could not obtain relief from

4

the stiffness and pain caused by prolonged sitting, simply by standing as necessary. Indeed, Dr. Stephenson specifically noted that plaintiff could stand two/three hours per day in relief of his symptoms (TR 442), and that he does "minimal walking during the day because of his bilateral knee pain." (TR 443).

Stated differently, the medical record in this case is consistent with the Law Judge's finding that Mr. Sperry can perform sedentary work which permits a sit/stand option. As recognized by the Commissioner in her memorandum in support of her motion for summary judgment, given their familiarity with the claims adjudication process, the state agency physicians could be expected to understand what residual functional capacity is necessary for the performance of such a limited range of sedentary work, and relate these requirements to the actual medical evidence in Mr. Sperry's case. When asked to consider what was a reasonable assessment of plaintiff's residual functional capacity, in light of plaintiff's particular medical findings, the vocational expert was able to identify several specific work roles which Mr. Sperry could be expected to perform. It appears to the court that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence of record. It follows that the Commissioner's final decision denying Mr. Sperry's claims is supported by substantial evidence.

In affirming Commissioner's final decision, the court does not suggest that Mr. Sperry is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff suffers from a knee condition which can be expected to result in pain, swelling, and stiffness. Moreover, Mr. Sperry suffers from loss of vision in his left eye, which definitely affects his capacity for work activity. However, it must be recognized that the inability to do work

5

without any subjective problems does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). In light of the clinical findings in this particular case, it appears to the court that the Administrative Law Judge adequately considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This \_\_\_18th\_\_\_ day of November, 2014.

_____
Chief United States District Judge